IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 1:06-cv-00917L<br>Judge Charles F. Lettow |

**PARTIES' JOINT MOTION AND SUPPORTING JOINT STATUS REPORT FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion for extension of the temporary stay of litigation, to and including December 26, 2007. This motion is the parties' second such motion. The grounds for the joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 28, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR (D.D.C.), on December 20, 2006. Plaintiff's allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Since the filing of this case and the companion case in the DDC, the parties have sought jointly to extend the time for Defendants to file their Answer or otherwise respond to the Complaint. Under the Court's most recent order, the litigation of this case is temporarily stayed until June 29, 2007 and the parties are required to file a joint status report by June 29, 2007.

3. Also, since the filing of this case and the companion case in the DDC, Plaintiff's counsel, Brian Leinbach, and Defendants' counsel have discussed and agreed that they would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendants' obligation to file their Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements under among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendants' calculation, there are presently about 102 Tribal trust accounting and trust mismanagement lawsuits pending against Defendants in this Court;[1/] in the United States District Courts in Oklahoma;[2/] and in the DDC.[3/] Doc. #17, Exh. 1. Plaintiff's counsel have filed or are handling a total of 32 Tribal trust accounting and trust mismanagement cases in this Court [4/] and in the DDC.[5/] This number

---

1/ Given that, upon unopposed motion by the plaintiff, the CFC dismissed, without prejudice, Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH, on May 22, 2007, there are now 56 cases in this Court.

2/ There are currently nine cases in the United States District Courts in Oklahoma. Id.

3/ There are currently 37 cases in the DDC.

4/ The 16 cases that Plaintiff's counsel have filed or are handling in the CFC are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No.

includes this case and the DDC companion case.

5. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the DDC companion case, without the need for protracted litigation, if possible. Accordingly, the parties' counsel have agreed that the parties should seek to stay the litigation of this case and formulate and execute an appropriate, amicable, and mutually satisfactory alternative resolution of Plaintiff's issues and claims.

6. To that end, the parties' counsel are preparing to confer and establish an informal settlement discussion process between Plaintiff, its counsel, and its officials; and Defendants, their counsel, and the appropriate officials and/or staffers from the United States Department of the Interior and the United States Department of the Treasury (i.e., the principally affected federal agencies in this case).

7. To advance this proposed informal settlement discussion process, the parties' counsel have established a process through which, upon informal request by Plaintiff,

---

06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB.

[5/] The 16 cases that Plaintiff's counsel have filed or are handling in the DDC are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR.

Defendants have begun providing to Plaintiff copies or images of or access to certain non-privileged documents and/or data relating or potentially relating to Plaintiff's issues and claims in this case and its DDC companion case. Among other documents, Defendants have produced to Plaintiff the results and supporting materials relating to the Tribal trust fund account reconciliation project, conducted by the Interior Department (through its contractor, Arthur Andersen, LLP), on the 1972-1992 period of the Tribes' accounts. If necessary, the parties will schedule a meeting in which Interior, principally, the Office of Historical Trust Accounting (OHTA), and its accounting consultants will make a presentation to Plaintiff, its counsel, and its officials, about the trust fund account reconciliation project results and explain various aspects thereof, including the reconciliation methodologies, analyses, and documentation.

8. The parties' counsel are negotiating the terms and conditions of joint stipulations and proposed orders to protect the confidentiality of certain documents and data to be provided by Defendants to Plaintiff and to protect the confidentiality of the parties' settlement discussions. Upon completion of the negotiations, counsel will execute and file the joint stipulations with this Court and the DDC for their review and possible approval and entry as orders.

9. On May 31, 2007, the parties' counsel attended a meeting and informational session conducted by the Inter-Tribal Monitoring Association (ITMA), in Denver, CO, about a project that ITMA and the Interior Department are undertaking to develop a proposed methodology to address trust accounting and trust fund mismanagement issues and claims. The parties have discussed and agreed that the project and, in particular, the proposed methodology may be useful to their settlement discussions or ADR process herein. They are evaluating and will confer further about the applicability of the project and proposed methodology to the issues and claims brought by Plaintiff in this case and the District Court companion case. If applicable,

the project and methodology would address Plaintiff's trust accounting and trust fund mismanagement claims, in part or in whole.

10. The parties have made progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require time to complete their discussions; continue their informal document production process; and establish and implement an informal settlement discussion process.

11. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to and including December 26, 2007;[6/]

b. Continue the deferral of, among other things, the obligation for Defendants to file their Answer or otherwise respond to the Complaint until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before December 26, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

12. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties

[6/] The parties are aiming to have the same deadlines apply to all 32 cases that have been filed Plaintiff's counsel in this Court and the DDC, so as to maximize judicial economy and efficiency and minimize expenditure of limited resources.

herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's DDC companion case, without the need for extended litigation. Additionally, it would not support or advance Defendants' ability to address and possibly handle the other Tribal trust case accounting and trust mismanagement cases that have been filed in other United States District Courts, as well as this Court, in a similar, non-litigation-oriented manner.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 28th day of June, 2007,

*/s/ Brian J. Leinbach, by*
*/s/ Jennifer L. Allaire, pursuant to*
*written authorization*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Division
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Division
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor

RONALD J. TENPAS
Acting Assistant Attorney General

*/s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources

P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG, FL Bar #798193
MARTIN J. LALONDE, IL Bar #6218249
United States Department of Justice
Environment and Natural Resources

Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247

Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing PARTIES' JOINT MOTION AND SUPPORTING JOINT STATUS REPORT FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, AND [PROPOSED] ORDER was served on June 28, 2007, by Electronic Case Filing or by regular, first-class United States mail, postage pre-paid, and by electronic mail or telefax, unless otherwise noted below, on the following counsel:

Patricia A. Marks
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Fax: (301) 854-5117

Walter J. Lack
Brian J. Leinbach
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Fax: (310) 552-9434

Thomas V. Girardi
Keith Griffin
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Fax: (213) 481-1554

Gregory A. Yates
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Fax: (818) 905-7038

*/s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE