IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA, Plaintiff, vs. UNITED STATES OF AMERICA, et al., Defendants. | Civil Case No. : 1:06-cv-00917-CFL<br>Judge Charles F. Lettow |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**WHY CASE SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1500**

BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310 552-9434
bleinbach@elllaw.com

*Attorneys for Plaintiff*
EASTERN SHAWNEE TRIBE OF
OKLAHOMA

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117
Markspattyesq@aol.com

GREGORY A. YATES
Law Offices of Gregory A. Yates
16830 Ventura Blvd., Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038
gyates@gregoryayates.net

KEITH GRIFFIN
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Tel: (213) 977-0211
Fax: (213) 481-1554
kgriffin@girardikeese.com

# TABLE OF CONTENTS

I.. INTRODUCTION . . . . . . . . . . 3

II. SUMMARY OF ARGUMENT . . . . . . . . . . 4

III. JURISDICTION WITH THE COURT OF FEDERAL CLAIMS SHOULD NOT BE DIVESTED WHERE PLAINTIFF'S DDC COMPLAINT AND CFC COMPLAINT DO NOT INVOLVE THE SAME CLAIM. . . . . . . . . . 8

A. Plaintiff's DDC Complaint and CFC Complaint Are Not Based On Substantially the Same Operative Facts. . . . . . . . . . 11

B. The DDC Complaint and The CFC Complaint Are Based on Distinctly Different Types of Relief. . . . . . . . . . 14

IV. CONCLUSION . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305 . . . . . . . . . . . . . 4, 6, 10, 14, 17, 18

*Boston Five Centrals Bank, FSB v. United States*,
864 F.2d 137 (Fed.Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

*Branch v. United States*,
29 Fed. Cl. 606 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*British American Tobacco Co. v. United States*,
89 Ct. Cl. 438, 1939 WL 4266 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Breneman v. United States*,
57 Fed. Cl. 571 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brown v. United States*,
175 Ct.Cl. 343, 358 F.2d 1002 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Casman v. United States*,
135 Ct.Cl. 647, 1956 WL. 59091 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14, 15

*Cobell v. Norton*,
240 F.3d 1081 (D.C. Cir 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*d'Abrera v. United States*,
78 Fed. Cl. 51 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Heritage Minerals, Inc. v. United States*,
71 Fed. Cl. 710 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hossein v. United States*,
218 Ct.Cl. 727WL 8481 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Keene v. United States (Keene IV)*,
508 U.S. 200, 1333 S. Ct. 2035,
124 L.Ed. 2d 118 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 14

*Loveladies Harbor, Inc. V. United States*,
27 F.3d 1545 (Fed.Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10, 14, 15, 16

*Telecon Engineers, Inc. v. United States*,
170 Ct.Cl. 389, 343 F.2d 943 (1965) . . . . . . . . . . 9

*Tohono O'Odham Nation v. United States*,
79 Fed. Cl. 645 (2007) . . . . . . . . . . 6, 18

*Truckee-Carson Irrigation Dist. V. United States*,
223 Ct.Cl. 684, 1980 WL 13153 (1980) . . . . . . . . . . 9

*UNR Industrial, Inc. v. United States (UNR)*,
962 F.2d 1013 (Fed.Cir.1992) . . . . . . . . . . 9

*U.S. v. Mitchell*, 463 U.S. 206 (1983) . . . . . . . . . . 6

*United States v. White Mountain Apache Tribe*,
537 U.S. 465, 123 S. Ct.1126,
155 L. Ed. 2d 40 (2003) . . . . . . . . . . 8

*Webb v. United States*, 19 Cl.Ct. 650 (1990) . . . . . . . . . . 10, 15

*Williams v. United States*, 71 Fed. Cl.194 (2006) . . . . . . . . . . 11

**FEDERAL STATUTES**

5 U.S.C. §§ 702, 704, 706 . . . . . . . . . . 19

28 U.S.C. § 1331, 1361, 1362 . . . . . . . . . . 19

28 U.S.C. § 1500 . . . . . . . . . . *passim*

**OTHER AUTHORITIES**

*Equal Access to Justice Act*, 28 U.S.C. § 2412 . . . . . . . . . . 17

*Indian Tucker Act*, 28 U.S.C. § 1505 . . . . . . . . . . 8, 19

*Tucker Act*, 28 U.S.C. §1491 . . . . . . . . . . 8, 19

## I. INTRODUCTION

On **December 28, 2006**, plaintiff, EASTERN SHAWNEE TRIBE OF OKLAHOMA (hereinafter "plaintiff" or "EASTERN SHAWNEE") filed its complaint in the United States Court of Federal Claims (hereinafter "CFC complaint"). The CFC complaint alleges breach of fiduciary duty against defendant, UNITED STATES OF AMERICA (hereinafter "CFC defendant" or "USA") and seeks monetary damages for the mishandling of monetary and non-monetary trust assets. Previously, on **December 20, 2006**, plaintiff filed a separate complaint, alleging different operative facts and requesting distinctly different relief in the United States District Court; Case No. 1:06-CV-2162 (hereinafter "DDC complaint"). The DDC complaint names as defendants, DIRK KEMPTHORNE, Secretary of the Interior; ROSS O. SWIMMER, Special Trustee; and HENRY PAULSON, Secretary of the Treasury, (hereinafter "DDC defendants"). The factual basis of the DDC complaint is not the day-to-day management of plaintiff's trust assets. Rather, the DDC complaint presents a case in equity against the CDC defendants demanding as relief, 1) a declaration that they have not provided EASTERN SHAWNEE with a complete, accurate and timely accounting of their accounts, Act of December 22, 1987, Pub L. No. 100-202 Stat.1329, and, 2) a mandatory injunction requiring said defendants to comply with the relevant legislation and provide the required accounting.

On **January 28, 2008**, the parties participated in a telephonic status conference, the Honorable Charles Lettow, Judge presiding. The Court asked if the jurisdictional question raised by 28 U.S.C. § 1500 had been raised in the present litigation. Counsel for plaintiff responded that the issue had not been briefed in the present case where the issue had not been raised by defendant, USA. Nevertheless, plaintiff's counsel continued that § 1500 does not mandate the

dismissal of the present action where the case pending in the District Court concerns claims based on different operative facts and requests distinctly different relief from those presented in the present case. (For the Court's convenience, true and correct copies of the DDC complaint and the CFC complaint are attached hereto as Exhibits "A" and B", respectively.)

Counsel for defendant, USA, agreed that it had not raised the jurisdictional issue presented by 28 USC §1500 and had declined to do so as the parties were seeking resolution through an ADR process. Thereafter, the Court requested, *sua sponte*, that the parties brief the issue. Specifically, this Court has required that plaintiff respond to an Order to Show Cause (OSC) re Dismissal on the grounds that the earlier filed complaint in the United States District Court divests jurisdiction in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1500.

## II. SUMMARY OF ARGUMENT

Section 1500 limits the subject matter jurisdiction of the Court of Federal Claims by depriving the Court jurisdiction "of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States. . . ." 28 U.S.C. § 1500. In determining whether § 1500 precludes jurisdiction, the courts have established a two prong test. The first prong of the § 1500 analysis is to address the timing of the claims, and the second prong examines whether the claims are the same. *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305, 308. If the court finds that plaintiff has another suit "pending," the court must then determine if plaintiff asserted the "same claims" in both suits. *Id.*; *See Loveladies Harbor, Inc. V. United States*, 27 F.3d 1545, 1548 (Fed. Cir. 1994); *Breneman v. United States*, 57 Fed. Cl. 571, 575 (2003). It is undisputed for the purposes of this response, and plaintiff

concedes, that the DDC complaint pre-dated the filing of the CFC complaint by eight (8) days. Accordingly, the issue presented by the present Order to Show Cause is whether the claims made by plaintiff in its DDC complaint are the same as those presented in the CFC complaint for the purposes of preclusion of jurisdiction under § 1500. *Id.*

Here, plaintiff maintains two distinct complaints which are based on different operative facts and requests distinctly different relief in each case. In the District Court, EASTERN SHAWNEE maintains an equitable action for an accounting its trust accounts and seeks only equitable relief associated with the failure of DDC defendants to provide said accounting as required by law. Similar to the *Cobell* case recently tried before the Honorable Judge Robertson, plaintiff will analyze the past accounting efforts by the DDC defendants on behalf of EASTERN SHAWNEE and demonstrate that they have failed in their legal obligation to provide a complete, accurate and timely accounting. (DDC Com.¶ ¶ 29 and 30) In addition to a declaration that the DDC defendants have breached their obligation under the Indian Trust Fund Management Reform Act of 1944 to produce an accounting, plaintiff demands as relief a mandatory injunction requiring a full, complete and up to date accounting of all trust accounts. (DDC Com. ¶ 34, Prayer No. 3)

Specifically, plaintiff's DDC complaint prays for the following: 1) For a declaration that the Defendants have not provided the Plaintiff with a complete, accurate and up-to-date accounting of the Plaintiff's trust funds as required by law, 2) For a declaration that by so doing, the Defendants have deprived the Plaintiff of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against the Defendants for their mismanagement of those funds, 3) For a mandatory injunction requiring the Defendants to provide a full and

complete accounting of the Plaintiff's trust funds, 4) For a judicial order preserving any claims that the Plaintiff might uncover once it receives that accounting, 5) For an order directing the Defendants to manage all of the Plaintiff's current and future trust funds, properties and resources in full compliance with all applicable law and with their duties as the Plaintiff's guardian and trustee, 6) For an award of cost of suit, without limitation, attorneys fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412, and other applicable federal statues, and under general principals of law and equity, and the fees and costs for expert assistance, and 7) For such other relief as may be just and equitable. (DDC Com., Prayer nos. 1 - 7).

There is no demand for monetary damages, nor is there a demand for equitable relief with a monetary component *e.g.*, disgorgement, equitable restitution or account restatement, which courts have interpreted as equating to monetary relief for the purposes of a § 1500 analysis. See, *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305, 316 (2008); *Tohono O'Odham Nation v. United States*, 79 Fed.Cl. 645, 652 (2007).

In contrast, the plaintiff's case in the Court of Federal Claims is a breach of fiduciary duty case seeking monetary damages, with interest, due plaintiff for defendant's past and present mis-management of plaintiff's monetary and non-monetary trust assets. *U.S. v. Mitchell*, 463 U.S. 206, 225 (1983); *Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir 2001). The CFC complaint delineates the duties owed by the CFC defendant concerning the management of plaintiff's trust assets which include the duty to administer the trust assets with the greatest skill and care and include the duty to ensure that plaintiff's trust property and funds are protected, preserved and managed so as to produce the highest and best use and monetary return. (CFC Com.¶ ¶ 1,11 - 21)

Here, defendants' efforts to perform a historical accounting of trust accounts are not the

graveman of the CFC complaint. Rather, plaintiff will analyze specific historical trust-related transactions to establish its claims that the USA breached its fiduciary duties by: failing to obtain the highest available rates of interest and earnings on trust funds; failing to deposit and invest trust monies in a timely manner; entering into below market contracts, leases, permits, etc.; failing to charge and collect rents and royalties; failing to exercise opportunities which would have maximized the productive use of the plaintiff's land and resources. (CFC Com. ¶ 37 and Prayer).

EASTERN SHAWNEE is one of three (3) federally-recognized Shawnee tribes that constitute the modern successor tribes of the historic Shawnee Nation. (CFC Com. ¶ 2) Plaintiff occupies land (reservations) which are located in the northeast section of the State of Oklahoma. (CFC Com.¶ 5) The CFC defendant has acquired interests in lands, water rights, surface rights to lands within and without then existing Indian reservations and holds same in trust for the benefit of plaintiffs. (CFC Com. ¶ 7) Many of these lands contain timber and other natural resources which have been sold by the CFC defendant for the benefit of plaintiff. Also, the lands are valuable for recreation and a variety of other purposes. (CFC Com. ¶ 11) Plaintiff will analyze specific transactions, contract, leases, etc. to demonstrate, for example, that the CFC defendant's sale of plaintiff's timber was not valued at market rates, revenues for land leases were not collected or otherwise timely deposited in interest barring accounts. Plaintiff's CFC complaint makes no prayer for injunctive relief particularly not an accounting. Rather, plaintiff seeks consequential and incidental monetary damages as well as interest, costs of the suit and attorneys fees. (CFC Com., Prayer 1 - 7)

In sum, the factual basis of plaintiff's DDC complaint is whether the DDC defendants have performed a complete historical trust accounting for EASTERN SHAWNEE and demands

that such an accounting be accomplished. Plaintiff's CFC complaint involves different operative facts in that it relates to the evaluation of CFC defendants' conduct in managing plaintiff's monetary and non-monetary trust assets. Moreover, plaintiff's claims seek distinctly different relief in that the DDC complaint seeks only equitable relief and the CFC complaint seeks only monetary damages. Importantly, plaintiff seeks remedies in the District Court not available in the Court of Federal Claims and similarly seeks relief in the Court of Federal Claims not available in the District Court. Because plaintiff's claims arise from different operative facts, and plaintiff's complaints seek distinctly different relief, plaintiff does not have pending in any other court the same "claims" which would divest this Court of jurisdiction pursuant to 28 USC § 1500.

## III. JURISDICTION WITH THE COURT OF FEDERAL CLAIMS SHOULD NOT BE DIVESTED WHERE PLAINTIFF'S DDC COMPLAINT AND CFC COMPLAINT DO NOT INVOLVE THE SAME CLAIM.

This court has jurisdiction over the subject matter of the CFC complaint under the *Tucker Act*, 28 U.S.C. §1491, and the *Indian Tucker Act*, 28 U.S.C. § 1505, in that this action involves claims brought by an Indian tribe residing within the territorial limits of the United States, against the United States for monetary damages, arising under the constitution, laws, treaties and regulations of the United States, Executive Orders of the President and the federal common law governing the administration and management of property and assets held by the United States in trust for plaintiff. Specifically, the *Indian Tucker Act*, 28 U.S.C. § 1505, confers jurisdiction on the Court of Federal Claims to hear claims brought by an American Indian Tribes that "otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian Tribe." 28 U.S.C § 1505; *see also*, *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L. Ed.2d 40 (2003). However, the Court of Federal Claims jurisdiction is limited

by 28 U.S.C. § 1500 which provides in relevant part:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States. . . ."

The Supreme Court has stated that preclusion of jurisdiction under § 1500 "requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Keene v. United States (Keene IV)*, 508 U.S. 200, 212, 1333 S. Ct. 2035, 124 L. Ed.2d 118 (1993). In *Keene IV*, the Supreme Court stated that "the comparison of the two cases for purposes of possible dismissal would turn on whether the plaintiff's [district court] suit was based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested." *Id.* at 212, 113 S. Ct. 2035.

In *UNR Indus., Inc. v. United States (UNR)*, 962 F.2d 1013 (Fed. Cir.1992), the case leading up to *Keene IV*, the Federal Circuit states that it was overruling five cases: *Boston Five Cents Bank, FSB v. United States*, 864 F.2d 137 (Fed. Cir. 1998); *Hossein v. United States*, 218 Ct. Cl. 727WL 8481 (1978); *Brown v. United States*, 175 Ct.Cl. 343, 358 F.2d 1002 (1966); *Telecon Engineers, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943 (1965); and *Casman v. United States*, 135 Ct. Cl. 647, 1956 WL 59091 (1956). *UNR*, 962 F.2d at 1022 & n.3, 1023. However, in *Keene IV*, the Supreme Court stated that "in applying § 1500 to the facts of the case, [the Court] find[s] it unnecessary to consider, much less repudiate, the "judicially created exceptions" to § 1500 found in *Telecon Engineers, Casman*, and *Boston Five*." [FN7] *Keene IV*, 508 U.S. at 216, 113 S.Ct 2035. The Supreme Court noted that "[t]he *Casman* court recognized

an exception (followed by *Boston Five*) for the plaintiffs who seek distinctly different types of relief in the two courts." *Id.* at 216, 113 S. Ct. 2035.

Thereafter, the Federal Circuit in *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (1994) noted that the *Casman* rule has been "consistently applied. . . to distinguish claims." 27 F.3d at 1550 (citing, *Truckee-Carson Irrigation Dist. v. United States*, 223 Ct.Cl. 684, 1980 WL 13153 (1980)), (holding that § 1500 did not preclude jurisdiction because the Court of Federal Claims complaint sought monetary relief and the District Court complaint sought only injunctive and declaratory relief); *Boston Five Cents Savings Bank, FSB v. United States*, 864 F.2d 137 (Fed. Cir. 1988) (holding that § 1500 did not bar Court of Federal Claims jurisdiction because the pending district court complaint sought only declaratory relief and did not seek monetary damages); *Webb v. United States*, 19 Cl.Ct. 650 (1990) (noting that under a § 1500 analysis, claims with the same operative facts need not be dismissed if they can be distinguished by the relief each seeks).

In the recent case of *Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305 (2008), the Court reconciled the above authority and stated that once it is determined that plaintiff has another claim pending in another court, the court should then address the issue of whether plaintiff's claims in the District Court and the Court of Federal Claims are the same claim, that is, based on the same operative facts and whether the relief plaintiff seeks in both courts contains "some overlap" *Keene IV*, 508 U.S. at 212, 113 S. Ct. 2035, or is "distinctly different," *Loveladies*, 27 F.3d at 1551. *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. at 313.

### A. Plaintiff's DDC Complaint and CFC Complaint Are Not Based On Substantially the Same Operative Facts.

"Claims involving the same general factual circumstances, but distinct material facts[,] can fail to trigger § 1500." *d'Abrera v. United States*, 78 Fed. Cl. 51, 58 (2007), citing *Branch v. United States*, 29 Fed. Cl. 606, 609 (1993). In short, if a material factual difference exists between two claims, they are not the same for purposes of § 1500. *d'Abrera v. United States*, 78 Fed. Cl. at 58. See, *Heritage Minerals, Inc. v. United States*, 71 Fed. Cl. 710, 716 (2006); *Williams v. United States,* 71 Fed. Cl.194, 199-200 (2006).

Here, plaintiff's complaints contain material factual differences in that the two complaints involve different conduct. *d'Abrera v. United States*, 78 Fed. Cl. 51, 58 (2007) The *d'Abrera,* case concerned two claims by plaintiff, a Lanham Act claim and a copyright infringement claim. *Id.* The court found that different conduct gave rise to each claim because the Lanham Act claim involved plaintiff's allegation that defendant had misrepresented plaintiff's photographs as his own, while the copyright infringement claim involved plaintiff's allegation that defendant reproduced and distributed hundreds of plaintiff's photographs without permission. *Id.* Although both complaints involved the improper handling of plaintiff's photographs, because different conduct formed the basis of the different claims, the court found that § 1500 did not bar the court's jurisdiction. *Id.* at 59.

The conduct which forms the basis of plaintiff's DDC complaint is the DDC defendants' failure to provide a full, accurate, complete and timely accounting as required by law. The DDC complaint sets forth in detail on what basis the DDC defendants owe plaintiff an accounting. (DDC Com. ¶ ¶ 9 - 24), and the basis for plaintiff's belief that such an accounting has not been

forthcoming. (DDC Com. ¶¶ 25, 26) The DDC complaint contains four claims for relief, each addresses the accounting issue. Plaintiff alleges it is entitled to a declaratory judgement that the DDC defendants have not provided the plaintiff with an accurate, complete and timely accounting and that such failure has deprived plaintiff the ability to determine whether it has suffered loss and to what extent. (DDC Com. ¶¶ 28 - 31). Plaintiff further alleges it is entitled to a mandatory injunction requiring the DDC defendants to provide plaintiff with a full, complete and up-to-date accounting. (DDC Com. ¶¶ 33, 34). Plaintiff further alleges that it is entitled to a mandatory injunction compelling the DDC defendants to manage the plaintiff's current and future trust funds and trust assets in full compliance with all applicable law. (DDC Com. ¶¶ 36). Finally, plaintiff alleges that it is entitled to a judicial order preserving its claims for damages, so that these claims can be filed after it receives an accurate reconciliation and accounting of its trust funds from the DDC defendants. (DDC Com. ¶¶ 38, 39) Plaintiff's prayer for relief follows precisely the claims for relief as stated above. (DDC Com., Prayer for Relief 1 - 7)

In contrast, the conduct which forms the basis of the CFC complaint is the failure of the CFC defendants to properly manage monetary and non-monetary trust assets. That is, the CFC case arises out of the conduct of the USA as trustees which breached the fiduciary duty owed to plaintiff to generate, invest and manage the plaintiff's tribal trust assets and property. The CFC complaint sets forth the basis of the USA's fiduciary duty which holds the obligation to protect the plaintiff's lands and their interest therein. (CFC Com. ¶¶ 6 - 11) Plaintiff alleges that congress granted the Secretary of the Interior the authority to approve certain limited conveyances of certain interests in plaintiff's trust lands and natural resources, including but not limited to: leases, easements, rights-of-way, resource harvesting and resource use agreements, as well as

collect income from tribal trust property and to deposit such income in the United States Treasury. (CFC Com. ¶ ¶ 12, 13) Thereafter, the CFC complaint details the obligation of the USA to properly invest plaintiff's trust funds, insure the highest and best use of trust assets and insure that the plaintiff is afforded its full rights to compensation for any taking of trust assets. (CFC Com. ¶ ¶ 14 - 18).

Plaintiff details the conduct which constitutes breach of fiduciary duty in paragraph 37 of the CFC complaint. It is self evident from this list that it is plaintiff's intend to analyze specific transactions performed by the USA as trustee to determine whether they meet the standard of care of a trustee fiduciary. The only mention of the USA's obligation to provide an accounting is in connection with plaintiff discussion concerning equitable tolling. (CFC Com. ¶ ¶ 26 - 35.) This is merely an issue of delayed discovery and not liability as it is in the case pending in the District Court. The importance of the accounting related allegations is to establish that there may be certain specific conduct, presently unknown to plaintiffs, which may only be discovered after a full accounting is received. Finally, and most importantly, there is no prayer for an accounting. Rather, plaintiff seeks consequential and incidental monetary damages caused by the CFC defendant's breaches of fiduciary duty. (CFC Com., Prayer for Relief 1 - 7)

Importantly, the evidence that would be presented during the trial of the two cases will look very different. The trial in the District Court will be dominated by accounting issues presented by forensic accounting and trust accounting experts. Plaintiffs will establish through admissible evidence that the DDC defendants have failed to provide an accounting that comports with the standard required of a trustee. The trial in the Court of Federal Claims will look entirely different will be dominated by evidence relating to the CFC defendants' handling of specific trust

transactions and assets, *e.g.*, whether certain specific contracts for the sale of natural resources provided plaintiff with market value, whether certain land leases were collected and provided proper compensation, whether trust funds received the highest interest available, etc. The evidence include the analysis of specific contacts, leases, and similar agreements detailing how trust assets were handled and disposes of. Trust experts as well as experts familiar with the market value of timber, gravel, land leases, rights of way, etc. will offer testimony that the USA breached its fiduciary duties to plaintiff and will offer opinions as to the dollar amount of damages suffered. The trier of fact in the District Court and the Court of Federal Claims will not hear the same evidence nor will there be the same findings of law and fact.

Where there is any similarity to the allegations in the CFC and DDC complaints, those similarities are merely background facts which do not implicate the jurisdictional bar of § 1500. *See Ak-Chin Indian Community v. United States*, 80 Fed. Cl. at 318.

**B. The DDC Complaint and The CFC Complaint Are Based on Distinctly Different Types of Relief.**

As discussed above, courts have identified two differing standards when determining whether the relief sought in pending actions precludes the application of 28 U.S.C. § 1500. The *Keene IV* case would apply § 1500 if it was found that the two claims had substantially the same operative facts and "some overlap" in the relief requested. *Keene IV,* 508 U.S. at 212. However, the Supreme Court in the *Keene IV* case also specifically acknowledged the judicial created exceptions to the application of § 1500 for plaintiffs who seek "distinctly different" types of relief in the two courts. *Id.* at 216, 113 S. Ct. 2035.

In *Casman v. United States*, 135 Ct. Cl. 647, 1956 WL 59091 (1956), the plaintiff sued in

District Court for reinstatement to his government position and, while this suit was pending, he sued in the Court of Claims for back pay that he had not received as a result of the alleged wrongful removal. *Casman*, 135 Ct. Cl. at 648. The *Casman* court equated the "claim" with the term "relief" in its analysis. *Id.* at 650. The *Casman* court held that the two suits alleged different claims and distinguished the claims by the different form of relief each sought. *Id.*; *Webb v. United States*, 19 Cl. Ct. 650 (1990) (noting that under a § 1500 analysis, claims with the same operative facts need not be dismissed if they can be distinguished by the relief each seeks.)

> "The claim in this case and the relief sought in the district court are entirely different. The claim of plaintiff for back pay is one that falls exclusively within the jurisdiction of this court, and there is no other court which plaintiff might elect. On the other hand, the Court of Claims is without jurisdiction to restore plaintiff to his position." *Id. See also, Boston Five Cents Savings Bank, FSB v. United States*, 864 F.2d 137 (Fed. Cir. 1998) (overturned for different reasons)

The Federal Circuit in *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) again articulated the standard by which to compare a claim before the Court of Federal Claims and a claim pending "in another court that seeks distinctly different relief." 27 F.3d at 1549. In *Loveladies*, the plaintiff brought a suit in federal district court challenging the denial by the U.S. Army Corps of Engineers of the plaintiff's fill permit. *Id.* at 1547. The plaintiff, thereafter, filed a complaint in the Court of Federal Claims in which it maintained that the permit denial constituted a taking of property, and that the Fifth Amendment of the Constitution required

the Government to compensate it. *Id.* The Federal Circuit held that the Court of Federal Claims was not barred from hearing the plaintiff's claims because "the claims in the two courts are for distinctly different and not the same or overlapping relief." *Id.* at 1554, and hence, the claims were not the same for the purpose of § 1500. The court relied on *Casman* and *British American Tobacco Co. v. United States*, 89 Ct. Cl. 438, 1939 WL 4266 (1939) to aid in its efforts to define the term "claims." *Loveladies*, 27 F.3d at 1550-1.

Here, the relief sought by plaintiff in the District Court is solely equitable, *e.g.*, for declaratory and injunctive relief, and the relief sought in the Court of Federal Claims is solely monetary damages. These are distinctly different claims for relief. There is no overlap. The DDC complaint identifies four (4) Claims for Relief and includes a Prayer for Relief. The Claims for Relief are identified as follows:

First Claim for Relief

DECLARATORY & INJUNCTIVE RELIEF FOR FAILURE TO PROVIDE A PROPER ACCOUNTING AND FOR A DECLARATION THAT THIS FAILURE HAS INTERFERED WITH PLAINTIFF'S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES

Second Claim for Relief

DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL A PROPER ACCOUNTING

Third Claim for Relief

DECLARATORY AND MANDATORY INJUNCTIVE RELIEF COMPELLING PROPER MANAGEMENT OF PLAINTIFF'S PRESENT AND FUTURE ACCOUNTS

Fourth Claim for Relief

PRESERVATION OF DAMAGE CLAIMS

The Prayer for Relief tracks the Claims for Relief and prays for the following:

1. For a declaration that the Defendants have not provided the Plaintiff with a complete, accurate and up-to-date accounting of the Plaintiff's trust funds as required by law.

2. For a declaration that by so doing, the Defendants have deprived the Plaintiff of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against the Defendants for their mismanagement of those funds.

3. For a mandatory injunction requiring the Defendants to provide a full and complete accounting of the Plaintiff's trust funds.

4. For a judicial order preserving any claims that the Plaintiff might uncover once it receives that accounting.

5. For an order directing the Defendants to manage all of the Plaintiff's current and future trust funds, properties and resources in full compliance with all applicable law and with their duties as the Plaintiff's guardian and trustee.

6. For an award of cost of suit, without limitation, attorneys fees under the *Equal Access to Justice Act*, 28 U.S.C. Section 2412, and other applicable federal statues, and under general principals of law and equity, and the fees and costs for expert assistance.

7. For such other relief as may be just and equitable.

Not only is the relief sought in the District Court equitable in nature but there is no

equitable relief which could be interpreted as demanding monetary damages. Some courts have interpreted plaintiff's demands for equitable relief with a monetary component such as disgorgement and restitution as "overlapping" monetary relief for purposes of determining whether relief sought is the same or distinctly different under a § 1500 analysis. In *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305, in addition to purely equitable relief requiring an accounting, plaintiff also demanded that the defendant "correct the balances of [plaintiff's] trust fund accounts to reflect accurate balances. *Id.* at 316. There was also a demand for disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties. *Id.* The court held that the equitable relief which included a monetary component sought in the District Court overlapped the monetary relief sought in the Court of Federal Claims. *Id.* at 321 - 322.

Likewise, in *Tohono O'Odham Nation*, 79 Fed. Cl. 645 (2007), the plaintiff demanded equitable relief focused on an accounting. However, it also demanded disgorgement, restatement of accounts and restitution in its District Court complaint. The court stated that "[d]espite the emphasis on an accounting, the District Court complaint specifically seeks money (disgorgement, restatement of accounts, and restitution)." *Id.* at 652. The court found a meaningful overlap in the relief sought in both complaints and held that § 1500 deprived the court jurisdiction to hear the case. *Id.* at 656.

In contrast to its DDC complaint, plaintiff here demands no equitable relief and seeks purely monetary relief in its CFC complaint. The CFC complaint identifies the relief sought in the document's prayer (CFC Com. Prayer 1 - 7) as follows:

1. Consequential damages according to proof,

2. Incidental damages according to proof,

3. Compound interest on liquidated amount and judgment awards,

4. Pre-judgment interest,

5. Costs of the suit herein,

6. Attorneys fees, according to statute, and

7. Any other relief or damages as permitted by this Court or applicable law.

In contrast, plaintiff does not demand monetary relief in the District Court nor is there demanded any equitable relief which may have a monetary component. There is no overlap of relief requested as the relief sought in the two complaints. The respective relief demanded in the two complaints is distinctly different.

Moreover, there are basic jurisdictional reasons why plaintiff's claims were brought in different courts. Plaintiff's claim for monetary damages is based on breach of fiduciary duty and therefore falls exclusively in the jurisdiction of the Court of Federal Claims. *Tucker Act*, 28 U.S.C §1491, *Indian Tucker Act*, 28 U.S.C. § 1505. There is no other court which plaintiff could elect. On the other hand, the Court of Federal Claims is without jurisdiction to issue the accounting or other equitable relief plaintiff demands in the District Court. 28 U.S.C. §§ 1331 and 1362 (A civil action brought by an Indian Tribe) and 28 U.S.C. §§1361 and 5 U.S.C §§ 702, 704 and 706 (An action for injunctive relief to compel federal officials to perform a duty owed to the plaintiff.) *Casman*, 135 Ct. Cl at 650.

**IV. CONCLUSION**

28 U.S.C. § 1500 does not divest this Court of jurisdiction to hear the present case where the claims pending in the District Court are not the same claims presented here. The DDC

complaint, and the CFC complaint are based on substantially different operative facts and request distinctly different relief.

Plaintiff' respectively requests that this Court find that plaintiff has shown cause that the present case should not be dismissed pursuant to 28 U.S.C. § 1500 and allow plaintiff to continue to prosecute its action in the United States Court of Federal Claims.

Dated the 28th day of March, 2008.

Respectfully submitted,

/s/ *Brian J. Leinbach*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310 552-9434
bleinbach@elllaw.com

/s/ *Patricia A. Marks*
PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117
markspattyesq@aol.com

*Attorneys for Plaintiff*
EASTERN SHAWNEE TRIBE OF
OKLAHOMA

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA, Plaintiff, vs. UNITED STATES OF AMERICA, et al., Defendants. | Civil Case No. : 1:06-cv-00917-CFL<br>Judge Charles F. Lettow<br>**Electronically filed on March 28, 2008** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Response to Order to Show Cause Why Case Should Not Be Dismissed Pursuant to 28 U.S.C. § 1500 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Anthony P. Hoang
Jody H. Schwarz
Jennifer Leigh Allaire
Martin J. Lalonde
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington DC 20044-0663

This 28th day of March, 2008.

*/s/ Patricia A. Marks*
PATRICIA A. MARKS