IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 1:06-cv-00917-CFL |
| UNITED STATES OF AMERICA, | ) | Judge Charles F. Lettow |
| Defendant. | ) | **Electronically filed: May 2, 2008** |

**DEFENDANT'S RESPONSE IN SUPPORT OF ORDER TO SHOW CAUSE WHY CASE SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500**

JODY H. SCHWARZ
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0245
Fax: (202) 353-2021

Attorney for Defendant
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. Applicable Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. The Order To Show Cause Should Be Upheld and this Case Should be Dismissed Pursuant to 28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. The District Court Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. The CFC Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305 (2008) . . . . . . . . . . . . . 9, 10, 11, 12

*British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . 16

*Cooke v. U.S.*, 77 Fed. Cl. 173 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*d'Abrera v. United States*, 78 Fed. Cl. 51 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Forsgren v. United States*, 73 Fed. Cl. 135 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gaubert v. United States*, 28 Fed. Cl. 597 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . 3, 4, 13, 14

*Harbuck v. United States*, 58 Fed. Cl. 266 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*Johns-Manville Corp. v. United States*, 855 F. 2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . . 4, 14, 16

*Keene Corp. v. United States*, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 13, 14

*Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F. Supp. 236 (Ct. Cl. 1957) . . 4

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . . . . . *passim*

*Loveladies Harbor, Inc. V. United States*, 21 Cl. Ct. 153 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Maher v. United States*, 314 F.3d 600 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Northrop Corp. v. United States*, 27 Fed. Cl. 795 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Pennsylvania Railroad Co. v. United States*, 363 U.S. 202 (1960) . . . . . . . . . . . . . . . . . . . . . . . 17

*Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 5

*Snyder v. United States*, 63 Fed Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Suburban Mortg. Associates, Inc. v. U.S. Dept. of Housing and Urban Development*, 480 F.3d 1116, 1124 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*The Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007) . . . . . . . . . . . . . . . *passim*

*Toxgon Corp v. BNFL, Inc.*, 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*UNR Indus. v. United States*, 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wilson v. United States*, 32 Fed. Cl. 794 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**FEDERAL STATUTES**

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## I. INTRODUCTION

On January 28, 2008, this Court instructed Plaintiff, Eastern Shawnee Tribe of Oklahoma ("Plaintiff"), to show cause why its "case should not be dismissed in light of the jurisdictional issue raised by 28 U.S.C. § 1500." *See* Dkt. 20. On March 28, 2008, Plaintiff filed a brief in support of its argument that 28 U.S.C. § 1500 does not preclude the Court's jurisdiction over its case.

Plaintiff's interpretation of 28 U.S.C. § 1500 is at odds with the well-established rule of law that the United States cannot be compelled to defend a suit brought in this Court when the same claim is pending in another court. 28 U.S.C. § 1500 divests the Court of Federal Claims of jurisdiction over any previously-filed action if both suits are based on the same claims. *Gaubert v. United States*, 28 Fed. Cl. 597, 599 (1993). In this case, it is undisputed that Plaintiff filed its complaint in this Court after filing a complaint for relief in the United States District Court for the District of Columbia. Both complaints demand substantially the same relief on the same operable facts, namely Plaintiff seeks relief related to the Defendant's management and administration of Plaintiff's trust funds and assets. Congress has expressly deprived this Court of jurisdiction to entertain a case containing claims that are similar to those in a pending case, and, as such, the Court should dismiss this case pursuant to 28 U.S.C. § 1500.

## II. RELEVANT FACTUAL BACKGROUND

On December 20, 2006, Plaintiff filed a complaint in the United States District Court for the District of Columbia (the "District Court Complaint") against the Secretary of the Interior, the Special Trustee, Office of Special Trustee for American Indians, and the Secretary of the Treasury. *See* Plaintiff's Response to Order to Show Cause Why Case Should Be

Dismissed Pursuant to 28 U.S.C. § 1500 ("Plaintiff's Response"), District Court Complaint attached as Exh. A. The District Court Complaint seeks declaratory, injunctive, and other relief as may be just and equitable based on the Government's alleged breaches of fiduciary duty and mismanagement of Plaintiff's trust corpus. *See* District Court Complaint, Prayer for Relief.

Six days later, on December 26, 2006, Plaintiff filed a similar complaint against the United States in this Court. *See* Plaintiff's Response, Court of Federal Claims ("CFC") Complaint attached as Exh. B. The CFC Complaint seeks damages and other relief also based on Defendant's alleged breaches of fiduciary duty and mismanagement of Plaintiff's trust corpus. *See* CFC Complaint, Prayer for Relief.

## III. ARGUMENT

### A. Applicable Legal Standards

The determination of whether this Court has subject matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. V. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews de novo whether the Court of Federal claims possessed jurisdiction because this is a question of law). Dismissal is appropriate where the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to FRCP 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500 and pursuant to RCFC 17(a)); *Wilson v. United States*, 32 Fed. Cl. 794 (1995) (granting government's motion to dismiss pursuant to 12(b)(1) or 12(b)(4) for lack of jurisdiction under 28 U.S.C. § 1500).

**B. The Order To Show Cause Should Be Upheld and this Case Should be Dismissed Pursuant to 28 U.S.C. § 1500**

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of the provision is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 forbids filing in this Court a claim against the United States that is already pending in another court. The Federal Circuit has held that a claim is pending in another court if it was filed earlier, or simultaneous with, the claim asserted in the Court of Federal Claims. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Analyzing whether claims are the same or distinctively different "'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *Id.* at 1329 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). Such a comparison involves evaluating the complaints filed in each court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints). Thus, "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief . . . [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal claims from hearing a

case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies*, 27 F.3d at 1551-52 (emphasis omitted).

This Court has consistently defined the term "claim" for purposes of a Section 1500 analysis to turn on operative facts, rather than legal theories. *See British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F. Supp. 236, 238 (Ct. Cl. 1957); *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988). Further, the operative facts pleaded need not be identical. It is sufficient that they are substantially the same. *See Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993).

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. Rather, the two complaints must seek relief that is not "distinctively different." *Loveladies*, 21 Cl. Ct. 153, 153 (1990). The relief must merely be the same in nature, e.g., monetary, injunctive, or declaratory. *See Cooke v. U.S.*, 77 Fed. Cl. 173, 178 (2007); *Harbuck*, 58 Fed. Cl. 266. 269 (2003). As the Court stated in *The Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007), "the inquiry is whether there is meaningful overlap both in the underlying facts and in the relief sought in the two actions. A perfect symmetry of demands for relief is not necessary." *Id*. at 656.

The Court should dismiss this case because the three essential elements for Section 1500 dismissal are met. As Plaintiff concedes, when this case was filed on December 26, 2006, Plaintiff already had pending a case in the District Court, which had been filed on December 20, 2006. *See* Plaintiff's Response, p. 3. The claims against Defendant in this case and in the District Court case arise out of the same operative facts and, in both cases, Plaintiff seeks

overlapping relief.

**1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court**

The record demonstrates that Plaintiff filed its Complaint with the District Court on December 20, 2006, and then filed its Complaint with this Court on December 26, 2006. *See* Plaintiff's Response, p. 3. Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden would include, in the context of 28 U.S.C. § 1500, establishing that the District court case was not pending at the time Plaintiff filed its CFC Complaint. In this case, Plaintiff concedes that its District Court Complaint was pending at the time it filed its CFC Complaint. *See* Plaintiff's Response, p. 3.

**2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts**

Despite Plaintiff's assertions that the complaints are based on different operative facts, a comparative reading of the District Court and CFC Complaints confirms that they are based on substantially the same facts. *See Loveladies*, 27 F.3d at 1551-52; *see also Keene Corp.*, 508 U.S. at 212-14; *Tohono O'odham*, 79 Fed. Cl. at 657. Both complaints use essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff by allegedly failing to properly account for and to properly manage Tribal trust funds and assets. *Compare* District Court Complaint ¶¶ 16, 18-20, 26 *with* CFC Complaint ¶¶ 20, 22, 23, 36. Consequently, the facts underlying these allegations are substantially the same in both cases.

A. <u>The District Court Complaint</u>

The District Court Complaint seeks an accounting and a reconciliation of its trust funds. District Court Complaint, ¶ 1. Involved are trust funds in which Plaintiff alleges that it

> is the beneficial owner of certain monies currently or previously held in trust for the Plaintiff by the United States, as well as of certain land and other trust assets, title to which is held in trust by the United States for the benefit of the Tribe. The Plaintiff is also the owner of natural resources located on their land held in trust and managed by the United States, including, among others: water, timber, and a variety of mineral reserves. The Plaintiff's trust holdings also include land which is valuable for grazing, agricultural, and recreational use, and for other purposes.

*Id.* at ¶ 8. In particular, in seeking an accounting in the District Court, Plaintiff is requesting judicial review of Defendant's past actions related to its management of (1) Plaintiff's tribal trust lands, associated resources, and income derived therefrom, and (2) other assets held in trust by Defendant for Plaintiff's benefit. *See* District Court Complaint, ¶¶ 8-13. Moreover, Plaintiff seeks review of Defendant's contemporaneous record-keeping, or accounting, of those actions. *See id*. ¶¶ 16, 18-19.

Plaintiff alleges that Defendant had certain trust obligations, including but not limited to: (1) the duty to collect trust funds owed to Plaintiff; (2) the duty to create trust accounts to hold those funds; (3) the duty to insure that the monies owed or paid for the loss or use of tribal lands and trust resources are placed into accounts; (4) the duty to maintain adequate records with respect to Plaintiff's trust property; and (5) the duty to maintain adequate systems and controls to guard against errors or dishonesty. *Id*. at ¶ 16.

Among others, the breaches alleged by Plaintiff relating to Defendant's management of tribal lands, associated resources, and judgment monies include: (1) the failure to provide a full and complete accounting of the sources of Plaintiff's trust funds; (2) the failure to provide an

accurate accounting of the amount contained in each of Plaintiff's accounts; (3) the failure to maintain accurate books and records with respect to Plaintiff's trust property and accounts; (4) the failure or refusal to disclose known losses or unmade or incomplete payments; (5) the failure or refusal to reimburse trust beneficiaries for losses to their trust funds; and (6) failure to properly create trust accounts and to deposit appropriate monies in those accounts. District Court Complaint at ¶ 20.

Plaintiff contends that these breaches of fiduciary duty have limited its ability to know or ascertain: (1) how funds that Defendant appropriated to it were invested; (2) how funds that Defendant appropriated to it were expended; (3) why certain trust fund payments were made; (4) why certain trust fund interest was paid; (5) how Defendant determined what amounts were due to Plaintiff; and (6) whether Plaintiff has suffered any losses of its trust assets. *See* District Court Complaint at ¶¶ 11, 18, 21, 31. Plaintiff alleges that the accounting it receives in the District Court will illuminate the true state of its trust accounts and will enable it to determine whether it has suffered a loss and if so to what extent.[1/] *See id*. at ¶ 21, 31.

B. <u>The CFC Complaint</u>

Much like in the District Court action, in the CFC Complaint in this case, Plaintiff demands judicial review of the Government's past action related to its management of (1)

---

[1/] Defendant does not agree that the District Court has jurisdiction to grant the relief Plaintiff requests in the District Court case. The validity of Plaintiff's claim in the District Court, however, should not be relevant to the Court's determination under Section 1500, which requires only that the same claim be pending in another court at the time the CFC action is filed. It should be for the District Court to consider Defendant's assertions regarding the Court's lack of jurisdiction. *Cf. Forsgren v. United States*, 73 Fed. Cl. 135, 142 (2006) ("This court will not step into the shoes of a district court judge and create the fiction that the district court complaint is 'deemed' dismissed.").

Plaintiff's tribal trust lands, natural resources, and income derived therefrom; and (2) other assets held in trust by the United States for Plaintiff's benefit. *See* CFC Complaint, ¶¶ 7, 11, 12, 14. The mismanagement claims pending here concern the very same resources and assets (*e.g.*, lands, water rights, surface rights to lands, timber, natural resources, leases, resources use agreements) implicated in Plaintiff's District Court Complaint. *Compare* CFC Complaint, ¶¶ 7, 11, 12 *with* District Court Complaint, ¶¶ 8, 9, 12.

As with the District Court Complaint, Plaintiff alleges that Defendant had certain trust obligations in regards to Plaintiff's trust property, including but not limited to: (1) the duty to collect trust funds owed to Plaintiff; (2) the duty to create trust accounts to hold those funds; (3) the duty to insure that the monies owed or paid for the loss or use of tribal lands and trust resources are placed into accounts; (4) the duty to maintain adequate records with respect to Plaintiff's trust property; and (5) the duty to maintain adequate systems and controls to guard against errors or dishonesty. *Compare* CFC Complaint at ¶ 20 *with* District Court Complaint at ¶ 16.

In its CFC Complaint, as with its District Court Complaint, Plaintiff asserts that Defendant is in breach of its trust obligations, which include: (1) failure to obtain the highest rate of interest and earnings on Plaintiff's trust funds; (2) failure to properly invest Plaintiff's trust monies in a timely manner; (3) failure to obtain the highest and best price for the use and taking of Plaintiff's trust assets; (4) failure to properly invest and manage Plaintiff's judgment funds and other trust monies; (5) failure to keep records; and (6) failure to administer and manage the Plaintiff's trust lands, funds, and assets with greatest skill and care required of a trustee. *See* CFC Complaint at ¶¶ 22, 23, 36.

As with its District Court Complaint, Plaintiff asserts in its CFC Complaint that the Government's alleged breaches of its fiduciary duties have "severely limited [its] ability to determine the full extent of its losses." *Compare* CFC Complaint at ¶ 31 *with* District Court Complaint at ¶ 31. While the District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breaches of fiduciary duty committed by the Government, the Plaintiff's CFC Complaint anticipates achieving the same result by way of proof, which will come in the form of an accounting in aid of judgment.[2/] *See* CFC Complaint, Prayer for Relief. Although Plaintiff mentions in its CFC Complaint that it seeks an accounting in the District Court, Plaintiff concedes that this accounting may reveal that it has "one or more additional monetary claims against the Defendant." CFC Complaint at ¶ 31. Plaintiff will still have to seek an accounting in aid of any judgment potentially rendered by this Court for those monetary claims it currently contemplates.

In its Response, Plaintiff argues unsuccessfully that the evidence presented in the two trials will look different and, that therefore, its complaints do not share operative facts and that any similarities between the two complaints' allegations constitute mere "background facts" rather than operative allegations. *See* Plaintiff's Response at pp. 13-14. These assertions are meritless, and a court that previously evaluated the same arguments soundly dismissed them. In *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305 (2008), the plaintiff tribe also argued that any similar facts in its District Court and Court of Federal Claims actions were

[2/] In *Tohono O'odham*, the Court noted that "although a pre-liability, stand-alone general accounting is unavailable in [the CFC], after a presentation of sufficient evidence, an accounting is unavoidable here and will be coextensive with all the plaintiff's claims of breach. The accounting will be necessary to establish the quantum of damages." 79 Fed. Cl. at 659.

merely background facts. In rejecting that assertion, the court stated:

> The similarities between plaintiff's Court of Federal Claims complaint and District Court complaint extend beyond mere background facts. The factual basis for plaintiff's allegations of the government's breach of trust responsibilities in each case is the same because, in both actions, the courts will have to analyze the same facts regarding the government's management and administration of the same trust funds and assets over the same time periods.

*Ak-Chin*, 80 Fed. Cl. at 318. The same scenario is presented in this case. Here, the operative facts, that is, what Defendant did with respect to managing Plaintiff's trust property and funds, are the same in either case. Both actions require the reviewing courts to analyze the same conduct related to Defendant's management and administration (collection, deposit, investments, and disbursement) of monies as well as the management of Plaintiff's non-monetary trust assets, *e.g.*, leases, easements, rights-of-way, and grazing permits.

It does not matter, as Plaintiff asserts, that it anticipates it wants to produce different evidence at the trials, which may or may not occur, in these cases, especially where Plaintiff pleads in its CFC Complaint that:

> Defendant has failed to keep records of and/or has failed to keep proper records regarding Plaintiff's trust accounts and assets . . . Defendant has never provided the Plaintiff with a full and meaningful accounting of its trust funds. Indeed, before filing this action, the Plaintiff filed a complaint in the United States District Court for the District of Columbia demanding a full accounting of its trust assets and trust property. To date, the defendant has failed to provide that accounting or other sufficient information which would otherwise afford the Plaintiff the ability to determine whether, and to what extent, it has suffered a loss as a result of the Defendant's continual wrongdoing or other breaches of trust.

CFC Complaint, ¶ 23. Plaintiff recognizes that the accounting its seeks in its District Court Complaint involves the same operative facts at issue in its CFC Complaint and that the trust property at issue is the same for both cases.

Plaintiff's additional argument that it pleads Defendant's conduct (or duties) was

different in each of its complaints is similarly unavailing. *See* Plaintiff's Response, pp. 12-13. Plaintiff contends that its complaints in the District Court case and this case contain material factual differences in this regard and, therefore, are akin to the situation analyzed in *d'Abrera v. United States*, 78 Fed. Cl. 51 (2007). *See* Plaintiff's Response, p. 11. In *d'Abrera*, the Court held that different conduct gave rise to different claims, a Lantham Act violation claim and a copyright infringement claim. 78 Fed. Cl. at 58. In this case and the District Court case, the conduct at issue is not different, however, and the necessary operative facts are the same. Furthermore, courts considering Plaintiff's assertion that Defendant's conduct in performing its trust duties is different have rejected it:

> Notwithstanding plaintiff's attempt to distinguish the government's trust duties in each complaint, the operative facts, those facts upon which plaintiff's allegations of breaches of the government's trust responsibility are based, are the same in both the Court of Federal Claims complaint and the District Court complaint. In each action, the courts must consider the government's management and administration of plaintiff's trust. The court will be required to review the government's alleged failure to maintain records and account for plaintiff's trust property by considering any existing records related to the government's collection, handling, and investment of the Community's trust funds and property. The nature of Indian trust cases and the government's trust responsibility owed to Indian tribes does not lend itself to a simple delineation or separation of operative facts as they pertain to the government's various duties owed to Indian tribes. It is not apparent to the court how it could address facts related to the government's duty to invest and deposit plaintiff's trust funds without considering the facts related to the government's overall trust obligations owed to plaintiff, including its duty to account. It is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint. Therefore, the court finds that plaintiff's Court of Federal Claims complaint and District Court complaint contain the same operative facts for purposes of the § 1500 jurisdictional bar.

*Ak-Chin*, 80 Fed. Cl. at 319-20. As was the case with the *Ak-Chin* complaints, in these cases the operative facts asserted in the two complaints are, for all practical purposes, identical. Plaintiff has included language in both complaints alleging Defendant's mismanagement and lack of

prudent investment of its trust funds and property. *Compare* District Court Complaint, ¶¶ 19, 22, 23 *with* CFC Complaint, ¶¶ 22, 23, 31. Both complaints include allegations concerning duties to: account, keep adequate records, refrain from self-dealing, preserve trust assets, and invest prudently to maximize returns. Both complaints allege breaches of the same previously-listed duties. *Compare* District Court Complaint, ¶¶ 19, 20 *with* CFC Complaint, ¶¶ 22, 36. It is also undisputed that Plaintiff is alleging these breaches in relation to the same trust corpus (lands, natural resources, grazing rights, mineral rights, rights in property, and tribal trust funds). In analyzing these allegations, the courts for these cases will have to consider Defendant's management and administration of Plaintiff's trust corpus. The courts will have to review the existing records related to Defendant's collection, handling, and investment of Plaintiff's trust funds and property in both cases. Therefore, the underlying facts are the same for purposes of the Section 1500 jurisdictional bar. *See Tohono O'odham*, 79 Fed. Cl. at 652, 656 (finding that the complaints were based on the same operative facts where "[t]he two complaints clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time"); *Ak-Chin*, 80 Fed. Cl. at 317.

**3. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief**

The complaints in the District Court and in the CFC cases each seek an initial judicial determination as to the nature and scope of Defendant's fiduciary duties pertaining to the management and administration of Plaintiff's trust assets. *Compare* District Court Complaint, ¶¶ 8-13, 16, 18-21, 31 *with* CFC Complaint, ¶¶ 7, 11-12, 14, 16, 22-23, 26, 31. The complaints also seek equitable relief against Defendant arising from the same breach that Plaintiff hopes the courts will find. Under such circumstances, Section 1500 automatically divests this Court of

jurisdiction where a plaintiff has overlapping claims of this nature in more than one forum. *See Harbuck*, 378 F.3d at 1329.

For Section 1500 purposes, "the legal theory behind the allegations or the characterizations of the requests for relief are not controlling." *Tohono O'odham*, 79 Fed. Cl. at 656. The Court instead must inquire, "will the same background facts be relevant, and will the relief, in substance, be the same?" *Id*. Furthermore, "[i]t is enough that there is some overlap in the relief requested." *Harbuck*, 58 Fed. Cl. At 269 (citing *Keene*, 508 U.S. at 201). Here, there is no doubt that the same facts are relevant, namely Defendant's management of Plaintiff's trust corpus, and the relief Plaintiff seeks overlaps: an accounting and the return of any losses caused as a result of Defendant's alleged mismanagement of that same trust corpus.

Although Plaintiff asserts that the relief it seeks is different because in its District Court Complaint it states that it seeks only equitable relief and in its CFC Complaint it states that it seeks only monetary damages (*See* Plaintiff's Response, p. 8), its complaints are not so clearly separated. As courts examining the issue in the context of Tribal trusts have found:

> Unlike regulatory actions, suits brought by Indian tribes, claiming a breach of trust, do not neatly separate between the exclusively injunctive relief typical in a district court APA review of agency action on the one hand, and, on the other hand, a suit here for money damages flowing from the consequences of that agency action. In substance, the action for breach of trust in this court is an equitable proceeding that produces a monetary remedy. Thus while the court has jurisdiction because of the demand for money, the process for getting to that relief is fundamentally equitable, meaning that there is potential overlap of both the accounting and money aspects of the two complaints.

*Tohono O'odham*, 70 Fed. Cl. at 657.

In these cases, the relief in substance will be the same. The complaints in the District Court and CFC contain overlapping claims for equitable relief related to the alleged breach of

fiduciary duties owed to Plaintiff by Defendant. In the District Court, Plaintiff seeks "a mandatory injunction requiring Defendant to provide a full and complete accounting of the Plaintiff's trust funds" in an effort to determine its potential damages (District Court Complaint, Prayer for Relief), and in the CFC, Plaintiff seeks damages "according to proof" (CFC Complaint, Prayer for Relief), such proof coming in the form of an accounting in aid of judgment. In each of its complaints, the Plaintiff seeks an accounting to determine its monetary damages. Just because Plaintiff chose not to label its request in the CFC for "damages according to proof" as "damages determined after an accounting" does not mean that Plaintiff is not seeking the same relief. *See Tohono O'odham*, 79 Fed. Cl. at 659 (holding that plaintiff's complaints in the CFC and the District Court had an overlap of relief in the request for an accounting). Rather, the process for getting to the relief sought by Plaintiff is not distinctively different, and there is overlap of the relief sought in the two complaints. So long as the complaints contain some overlap in the relief requested, 28 U.S.C. § 1500 is implicated. *See Harbuck*, 378 F.3d at 1329 (citing *Keene Corp.*, 508 U.S. at 212).[3/]

Furthermore, "some overlap in the relief requested" also exists in the declaratory relief and declarations of breach of trust and recognition of losses to Plaintiff sought in both cases. *Keene*, 508 U.S. at 212. Plaintiff's District Court Complaint's Prayer for Relief expressly seeks several different declarations and forms of declaratory relief, several of which are expressly and impliedly also sought in the Plaintiff's CFC Complaint. CFC Complaint, ¶¶ 11, 19, 20, 36.

---

[3/] Plaintiff's proposition that it brought its complaints in different courts because of jurisdictional reasons is unpersuasive. Plaintiff's Response at 19. "Claims are the same where they arise from the same operative facts even if the operative facts support legal theories which cannot all be brought in one court." *Loveladies*, 27 F.3d at 1550 (quoting *Johns-Manville Corp.*, 855 F.2d at 1564).

Contrary to Plaintiff's argument, its CFC Complaint may not be construed as limited to a request for monetary relief only because it seeks "*any and all relief* or damages as permitted by this Court or applicable law." CFC Complaint, Prayer for Relief (emphasis added). The plain language of Plaintiff's CFC Complaint belies any notion that it is limited by its own terms exclusively to a request for damages. In fact, Plaintiff affirmatively requests "any and all relief" open to it, a demand that plainly includes declaratory relief. It is not necessary to assess here whether this Court is empowered to grant such relief under the Tucker Act or Indian Tucker Act; rather, it is necessary only to confirm that Plaintiff, when it filed its Complaint, sought such relief. *Tohono O'odham*, 79 Fed. Cl. at 654-55.

Here, Plaintiff's requests for declarations of breach of trust in both of its cases certainly overlap. The essence of declaratory relief is a declaration of "the rights and other legal relations of any interested party." *See, e.g.*, 28 U.S.C. § 2201(a) (Declaratory Judgment Act). The essential overlap here pertains to the declaration sought as to Plaintiff's rights as a trust beneficiary, and Defendant's duties (and alleged breach of trust) as trustee. In the District Court, Plaintiff seeks, *inter alia*, a declaration that Defendant has not provided an accurate, complete, and timely accounting of Plaintiff's trust funds as required by law. In other words, Plaintiff seeks a declaration of Defendant's liability for breach of its alleged accounting duty. In this case, this Court will need to reach the same legal issue in adjudicating the merits of the case because the CFC Complaint also alleges that Defendant has breached its trust and other duties to Plaintiff due to an alleged inability to account for funds and that such failure has caused monetary loss. *See e.g.* CFC Complaint, ¶¶ 22, 23. Thus, it is plain that Plaintiff intends to rely upon the declaration of Defendant's alleged accounting duties and breach in the District Court

case as the overlapping predicate finding of liability for breach of trust pending in this Court. *See e.g.* CFC Complaint, ¶ 23. Plaintiff even makes the novel (and meritless) demand that the District Court should exercise jurisdiction over the claims for loss revealed by the District Court accounting and declare that claims to recover such losses (cognizable, if at all, under the Indian Tucker Act) are tolled and preserved. *See* District Court Complaint, Prayer for Relief. Indeed the possibility that the declaratory relief sought in a District Court action, such as Plaintiff makes here, might overlap and even envelop a Tucker Act claim regarding the same actionable conduct has been recognized as an unwarranted overlap upon the CFC's own jurisdiction to adjudicate and grant relief for proper Tucker Act claims. *See e.g. Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 139 n.10 (2004); *Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004)(district court lacked jurisdiction to issue declaratory judgment as to government's liability for breach of contract so as to create predicate for suit for damages under the Tucker Act); *Suburban Mortg. Associates, Inc. v. U.S. Dept. of Housing and Urban Development*, 480 F.3d 1116, 1124 (Fed. Cir. 2007). Because Plaintiff seeks the same declaration of breach of trust, especially as regards an accounting, and resulting loss in both cases, the relief sought in both cases sufficiently overlaps that its claim here must be dismissed under 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565.

## III. CONCLUSION

For the foregoing reasons, this Court should uphold its Rule to Show Cause and dismiss Plaintiff's CFC Complaint pursuant to 28 U.S.C. § 1500.[4/]

---

[4/] Assuming arguendo that Plaintiff's complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under Section 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for

Respectfully submitted this 2nd day of May, 2008.

RONALD J. TENPAS
ASSISTANT ATTORNEY GENERAL

/s/ Jody H. Schwarz
JODY H. SCHWARZ
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0245
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI WALKER
United States Department of the Interior
Office of the Solicitor
Washington, DC 20240

TERESA E. DAWSON
United States Department of the Treasury
Office of the Chief Counsel
Financial Management Service

---

staying the CFC case. *See Loveladies*, 27 F.3d at 1554; *Pennsylvania Railroad Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 n.5 (1993).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EASTERN SHAWNEE TRIBE<br>OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>Civil Case No. 1:06-cv-00917-CFL<br><br>Judge Charles F. Lettow<br><br>**Electronically filed: May 2, 2008** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Response in Support of the Order to Show Cause Why Case Should Be Dismissed Pursuant to 28 U.S.C. § 1500 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF system:

Brian J. Leinbach
Engstron, Lipscomb & Lack
10100 Santa Monica Boulevard
Los Angeles, CA 90067

Patricia A. Marks
15992 A.E. Mullinix Road
Woodbine, MD 21797

This 2nd day of May, 2008

/s/ Jody H. Schwarz
JODY H. SCHWARZ