IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Case No. : 1:06-cv-00917-CFL<br><br>Judge Charles F. Lettow<br><br>**Electronically filed: May 23, 2008** |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500**

BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310 552-9434
bleinbach@elllaw.com

*Attorneys for Plaintiff*
EASTERN SHAWNEE TRIBE OF OKLAHOMA

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117
Markspattyesq@aol.com

GREGORY A. YATES
Law Offices of Gregory A. Yates
16830 Ventura Blvd., Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038
gyates@gregoryayates.net

KEITH GRIFFIN
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Tel: (213) 977-0211
Fax: (213) 481-1554
kgriffin@girardikeese.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. DEFENDANT POINTS THIS COURT TO THE WRONG LEGAL STANDARD TO DETERMINE WHETHER §1500 DIVESTS THIS COURT OF JURISDICTION TO HEAR PLAINTIFF'S CASE ........ 3

II. PLAINTIFF'S DISTRICT COURT AND COURT OF FEDERAL CLAIMS CASES ASSERT DIFFERENT TRUST DUTIES WHICH INVOLVE DIFFERENT OPERATIVE FACTS ........ 5

III. DEFENDANT CANNOT POINT TO THE SAME RELIEF SOUGHT IN PLAINTIFF'S DISTRICT COURT AND COURT OF FEDERAL CLAIMS COMPLAINTS. ........ 8

IV. CONCLUSION ........ 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ak-Chin Indian Community v. United States*,
80 Fed. Cl. 305 . . . . . . . . . . 10, 11

*Boston Five Centrals Savings Bank, FSB v. United States*,
864 F.2d 137 (Fed. Cir. 1988) . . . . . . . . . . 9

*Harbuck v. United States*,
378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . 3, 4, 5

*Johns-Manville Corp. v. United States*,
855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . 3

*Keene Corp. v. United States*,
508 U.S. 200 (1993) . . . . . . . . . . 3, 4

*Loveladies Harbor, Inc. v. United States*,
27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . 3, 7, 9, 10

*Ex Parte Skinner & Eddy Corp.*,
265 U.S. 86 (1924) . . . . . . . . . . 4

*Tohono O'Odham Nation*,
79 Fed. Cl. 645 (2007) . . . . . . . . . . 4, 10

### FEDERAL STATUTES

28 U.S.C. § 1500 . . . . . . . . . . 3, 11

*Truckee-Carson Irrigation Dist. v. United States*,
223 Ct.Cl. 684, 1980 WL 13153 (1980) . . . . . . . . . . 9

*Webb v. United States*, 19 Cl.Ct. 650 (1990) . . . . . . . . . . 9

## I. DEFENDANT POINTS THIS COURT TO THE WRONG LEGAL STANDARD TO DETERMINE WHETHER §1500 DIVESTS THIS COURT OF JURISDICTION TO HEAR PLAINTIFF'S CASE

The purpose of 28 U.S.C. § 1500 is to "prohibit the filing and prosecution of the *same claims* against the United States in two courts at the same time." *Johns-Manville Corp. v. United States,* 855 F.2d 1556, 1562 (Fed. Cir. 1988) (emphasis added). Therefore, to determine whether § 1500 applies, the inquiry requires a comparison of the "claims" brought in the CFC with the "claims" already sued upon in another court. See *Keene Corp. v. United States*, 508 U.S. 200, 210 (1993); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1549 (Fed. Cir. 1994). Because the statute does not provide a definition of the term "claims", the "meaning and scope of the term ... has been left to case law development." *Id.*

Since this Court's *en banc* decision in *Loveladies*, it has been well-settled that the two actions do not present the same "claim" unless they ***both*** (1) arise from *the same operative facts* ***and*** (2) seek *the same relief. See Loveladies*, 27 F.3d at 1551 ("For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from ***the same operative facts***, and must seek ***the same relief***" (emphases in original)); *accord Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). The test is in the conjunctive. If either requirement is missing, § 1500 does not apply. *Loveladies*, 27 F.3d at 1551-52 (each requirement is necessary to preclude CFC jurisdiction).

In its response brief, defendant correctly identifies *Loveladies* as the controlling legal authority when determining whether the same claim is pending in the two courts. At pages 3-4 of defendant's brief, defendant concedes that in determining whether the claims are the same for purposes of a §1500 determination, the claims must arise out of the ***same operative facts***, and

must seek the ***same relief***. However, later in its brief, defendant urges this Court to apply a different and incorrect legal standard in dismissing this case under §1500. Rather than comparing the ***operative*** facts alleged in the District Court and CFC Complaints and assessing whether the two complaints seek the ***same*** relief, defendant would have this Court to look broadly at the general similarities between the allegations in the two complaints to determine whether the operative facts are ***substantially the same*** and whether there is ***some overlapping*** in the relief sought. Defendant relies on the case of *Tohono O'odham Nation v. United States*, 79 F.3d 645, 656-57 to support its position. However, defendant's interpretation is misplaced.

The ruling on *Tohono O'odham* was based in relevant part on the Supreme Court's decision in *Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993). In *Keene*, the Supreme Court, in stating that "some overlap" in the relief sought might be sufficient for §1500, explicitly relied upon its earlier decision in *Ex Parte Skinner & Eddy Corp*., 265 U.S. 86 (1924). *See* 508 U.S. at 212. In that case, the Court, after noting that the same claims raised substantially the same causes of action and were based on the same factual predicate, explained that the proceedings sought the same relief but that in one action the plaintiff also made a demand for anticipated profits that was not included in the other complaint. See *Keene*, 508 U.S. at 211 (citing *Ex Parte Skinner & Eddy*, 265 U.S. 86). The two cases did, in fact, seek identical relief but one case also sought further addition relief not present in the other. Given the commonality in the overlapping relief the Court held that the cases sought the same relief for purposes of §1500.

This Court followed the same rule against lesser-included overlapping relief in *Harbuck*, 378 F.3d 1324. There, where one of the prayers for relief in the CFC was "identical to one of the

prayers for relief in the . . . district court complaint", the Court held that the "inclusion of other and different requested relief in the two complaints does not avoid the application of [§1500]." *Id.* at 1329 (citing *Keene*, 508 U.S. at 212).

Therefore, the "overlapping in relief" language referenced in *Tohono O'odham* and *Keene* does not refer to an amorphous standard requiring nothing more than the relief requested in the two courts have a general similarity or be similar in nature. Rather, it refers to an actual overlap in relief such that plaintiff's success in both cases would entitle it to recover the same relief in each proceeding.

Here, plaintiff reiterates that its District Court case is an action in equity for an accounting and a reconciliation of its trust funds based on defendant's legal obligation to have provided such an accounting. In stark contrast, plaintiff's CFC case is an action for monetary damages arising out of defendant's breaches of fiduciary management duty it owes to plaintiff to generate, invest and manage the plaintiff's tribal trust assets and property. There are no common requests for relief in the two complaints as was the case in *Keene* and *Ex Parte Skinner & Eddy Corp.* As such, the complaints filed in the District Court and CFC do not present the same claims against the United States because they do not arise from the ***same operative facts*** and do not seek the ***same relief***. *Loveladies*, 27 F.3d at 1551.

## II. PLAINTIFF'S DISTRICT COURT AND COURT OF FEDERAL CLAIMS CASES ASSERT DIFFERENT TRUST DUTIES WHICH INVOLVE DIFFERENT OPERATIVE FACTS

The duties which form the basis of plaintiff's District Court and CFC cases are different and limit plaintiff to certain distinct remedies. The different duties arise out of distinctly different operative facts which are alleged in each respective complaint. In the District Court

case, plaintiff asserts defendant owes it a trust duty to provide a complete, accurate and timely accounting for all assets held in trust for plaintiff. The remedy for this claim is equitable in nature and requires defendant to comply with its legal obligations and conduct such an accounting. In contrast, in its CFC case, plaintiff alleges defendant breached the fiduciary duty owed to plaintiff to generate, invest and manage the plaintiff's tribal trust monetary and non-monetary assets and property. This fiduciary duty requires defendant to protect the plaintiff's lands and its interest therein, manage day-to-day trust activity concerning leases, easements, rights-of-way, resource harvesting, collecting income from tribal trust property and the deposit of such income in the United States Treasury. Finally, defendant must properly invest plaintiff's trust funds, insure the highest and best use of trust assets and insure that the plaintiff is afforded its full rights to compensation for any taking of trust assets. These claims permit plaintiff to seek monetary damages against defendant that are not permitted in the District Court. 28 U.S.C. §1491; 28 U.S.C. §1505.

Throughout its brief, defendant repeatedly mis-characterizes and blurs the nature of the distinct duties asserted in plaintiff's two complaints as being the same. In referring to both of plaintiff's complaints, defendant casually characterizes the duties as "breaches of fiduciary duty and mismanagement of Plaintiff's trust corpus." (See defendant's brief at pages 2 and 5.) Thereafter, when describing the nature of plaintiff's two cases, defendant conveniently asserts that "Plaintiff is requesting judicial review of Defendant's past actions related to its management of (1) Plaintiff's tribal trust land, associated resources, and income derived therefrom, and (2) other assets held in trust by Defendant for Plaintiff's benefit." (See defendant's brief at pages 6, 7 and 8.) Defendant's statements are self-serving and inaccurate and, in fact, no such request

appears in either complaint. Nowhere in defendant's brief is there a side-by-side comparison of the language in the two complaints. The reason: such a comparison would detail the differences in the operative facts for each case.

The distinction between the duties is critical where the analysis of each naturally involve different operative facts. As this Court recognized in *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed. Cir. 1994), not every fact alleged in a complaint is operative, and it is only the operative facts that are germane under §1500. *Loveladies*, 27 F.3d at 1549-50, 1551 n. 17. Defendant would have this Court take a general view of all facts asserted in the two complaints rather than comparing the operative facts necessary to prove each claim. As the *en banc* court recognized in *Loveladies*, "operative facts" do not include every fact alleged in a complaint, but instead require some link between the facts and the elements of the claim to be proved. 27 F.3d at 1551 n.17.

Defendant's brief does not compare the actual language contained in the two complaints. Rather, defendant merely selectively compares its characterization of non-operative or "background facts" in plaintiff's District Court and CFC complaints. For example, defendant points out that the two complaints contain general statements to the effect that plaintiff is a federally recognized Indian tribe and by virtue of the terms of treaties and applicable law, plaintiff is the beneficial owner of certain monies, land, natural resources and other trust assets title to which is held in trust by the United States. These are background facts that do not have a link to the elements of the claim to be proved.

Defendant's brief, however, does not bring to the attention of this Court paragraph numbers 18 through 26 of the District Court complaint which detail the specific allegations

concerning the claim to be proved. These allegations concern the duty of defendant to maintain records of account, render a full, accurate and timely audit or accounting to plaintiff, provide a clear statement as to the origin or use of all of the funds, to provide a clear statement of why payments were being made, provide an effective system for regular or periodic accountings, etc. These are the operative facts in the District Court case.

Similarly, defendant does not quote from plaintiff's CFC complaint. Rather, defendant's analysis merely generally describes plaintiff's background allegations as being similar to those in the District Court complaint while ignoring the operative facts contained in paragraph numbers 11 - 25 and 37. These operative facts set forth the basis of the CFC claims which identify the source and nature of defendant's fiduciary obligations to manage tribal monetary and non-monetary trust assets.

The only discussion in the CFC complaint about defendant's responsibility to maintain records and provide an accounting is relevant to the limited allegation of Equitable Tolling/Delayed Accrual. (CFC com., para. Nos. 26 - 35) In contrast to the discussion of defendant's accounting duties in the District Court complaint where it is the central basis of liability and damages, the CFC complaint discusses the accounting issue to demonstrate that there may be specific instances of trust mis-management which are not known to plaintiff and may not be learned until a complete, accurate and timely accounting is prepared.

## III. DEFENDANT CANNOT POINT TO THE SAME RELIEF SOUGHT IN PLAINTIFF'S DISTRICT COURT AND COURT OF FEDERAL CLAIMS COMPLAINTS

Plaintiff strenuously argues that divestment of jurisdiction under §1500 is only proper under the standard set forth in *Loveladies* which requires that each claim arise out of the same

operative facts and request the same relief. Defendant does not even attempt to assert that the claims presented in plaintiff's District Court and CFC complaints meet the *Loveladies* standard. Defendant, therefore, concedes that an analysis of plaintiff's two complaints does not satisfy the *Loveladies* standard that the same relief is requested in both complaints.

Moreover, defendant ignores the Federal Circuit in *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (1994) which noted the consistent application of the rule that §1500 does not apply to plaintiffs who seek distinctly different types of relief in the two courts. *Loveladies, 27 F.3d at 1550* (citing, *Truckee-Carson Irrigation Dist. v. United States*, 223 Ct.Cl. 684, 1980 WL 13153 (1980)), (holding that § 1500 did not preclude jurisdiction because the Court of Federal Claims complaint sought monetary relief and the District Court complaint sought only injunctive and declaratory relief); *Boston Five Cents Savings Bank, FSB v. United States*, 864 F.2d 137 (Fed. Cir. 1988) (holding that § 1500 did not bar Court of Federal Claims jurisdiction because the pending district court complaint sought only declaratory relief and did not seek monetary damages); *Webb v. United States*, 19 Cl.Ct. 650 (1990) (noting that under a § 1500 analysis, claims with the same operative facts need not be dismissed if they can be distinguished by the relief each seeks). Defendant would rather have this Court adopt the relaxed/inaccurate standard referenced in *Tohono O'odham* that in addition to the same operative facts, a mere overlap of relief sought is necessary for the application of §1500.

As described above, the "overlapping" standard is a misinterpretation of prior law. However, even if such a relaxed standard is adopted, defendant strains beyond all reasonable bounds in its effort to identify some similarity or "overlapping" in the relief plaintiff claims in its two complaints. First, defendant takes the position that the language of the CFC prayer for

Consequential and Incidental damages "according to proof" equates to a demand for an accounting. This does not pass the laugh test. The notation that monetary damages are being sought "according to proof" merely means that plaintiff elects not to state a specific damages amount in the complaint. Rather, plaintiff requests that the amount of the monetary damage be determined by the trier of fact after the presentation of evidence at the time of trial.

Second, defendant takes the strained position that plaintiff's request for "any and all other relief as permitted by this Court or applicable law" may not be construed as limited to a request for monetary damages. There has not been a complaint filed in any court, in any jurisdiction, which does not contain the demand for "any and all additional relief." This language is customarily included in every complaint so as not to limit plaintiff from recovering amounts potentially due after the complaint is filed and/or after trial. If this ridiculous argument is given any weight, any two complaints filed in the District Court and CFC would necessarily be subject to dismissal pursuant to the application of §1500 as having overlapping relief. Needless to say, defendant cites to no authority in support of this novel theory and none exists.

Defendant does cite to *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305 and *Tohono O'Odham Nation*, 79 Fed. Cl. 645 (2007), which both contain language that where equitable relief has a monetary component it could be seen as overlapping monetary relief for purposes of §1500 analysis. This argument is addressed at length in plaintiff's response brief at pages 17 - 19. However, it is important to point out that defendant's broad view of the "same relief" requirement runs afoul of the Court's admonition in *Loveladies* that §1500 must be construed as narrowly as possible to avoid dismissing non-duplicative claims for relief. The *Loveladies* court further noted "[w]hatever viability remains in §1500, absent a clear expression

of Congressional intent we ought not extend the statute to allow the Government to foreclose non-duplicative suits, and to deny remedies the Constitution and statutes otherwise provide." *Loveladies,* 27 F.3d at 1556.

Additionally, defendant ignores the most basic reasoning set forth in the *Ak-Chin* and *Tohono O'odham* cases on this point. In addition to purely equitable relief requiring an accounting, plaintiff in both cases also demanded that the defendant "correct the balances of [plaintiff's] trust fund accounts to reflect accurate balances." *Ak-Chin,* 80 Fed. Cl. at 316; *Tohono O'odham Nation*, 79 Fed. Cl. at 652. There was also a demand for disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties in both cases. Both courts held that the equitable relief which included a monetary component sought in the District Court overlapped the monetary relief sought in the Court of Federal Claims. *Ak-Chin,* at 321 - 322; *Tohono O'odham Nation*, 79 Fed. Cl. at 656.

Plaintiff makes no such equitable claims in its District Court complaint. None of plaintiff's claims for relief in its District Court complaint could arguably include a monetary component. For example, plaintiff makes no claim in the District Court complaint to correct the balances of plaintiff's trust fund accounts to reflect accurate balances. There is no demand for disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties. As such, defendant's "overlapping relief" argument fails.

## IV. CONCLUSION

28 U.S.C. § 1500 does not divest this Court of jurisdiction to hear the present case where the claims pending in the District Court are not the same claims presented here. The DDC complaint, and the CFC complaint are based on substantially different operative facts and request

distinctly different relief. Moreover, this Court should not be persuaded to adopt the language in the *Tohono O'odham* case that a mere overlapping of relief is needed for the application of §1500. Such a finding would essentially abrogating the long accepted and followed "same relief" requirement set forth in the *Loveladies* case.

Plaintiff respectively requests that this Court find that plaintiff has shown cause that the present case should not be dismissed pursuant to 28 U.S.C. § 1500 and allow plaintiff to continue the prosecution of its action in the United States Court of Federal Claims.

Dated the 23RD day of May, 2008.

Respectfully submitted,

/s/ *Brian J. Leinbach*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310 552-9434
bleinbach@elllaw.com

/s/ *Patricia A. Marks*
PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117
markspattyesq@aol.com

GREGORY A. YATES
Law Offices of Gregory A. Yates
16830 Ventura Blvd., Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038
gyates@gregoryayates.net

KEITH GRIFFIN
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Tel: (213) 977-0211
Fax: (213) 481-1554
kgriffin@girardikeese.com

*Attorneys for Plaintiff*
EASTERN SHAWNEE TRIBE OF OKLAHOMA

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Case No. : 1:06-cv-00917-CFL<br><br>Judge Charles F. Lettow<br><br>**Electronically filed on May 23, 2008** |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Reply to Defendant's Response to Order to Show Cause Why Case Should Be Dismissed Pursuant to 28 U.S.C. § 1500 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Anthony P. Hoang
Jody H. Schwarz
Jennifer Leigh Allaire
Martin J. Lalonde
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington DC 20044-0663

This 23rd day of May, 2008.

/s/ *Patricia A. Marks*